UNITED STATES *v.* RICHARDSON (No. 2625)[1]

1. POTATO FLOUR A VEGETABLE.

Potato flour is a vegetable. Hirsch & Co. *v.* United States, 6 Ct. Cust. Appls. 154. It is within the meaning of paragraph 773, Tariff Act of 1922, providing for "pastes * * * composed of vegetables, or of vegetables and meat, or fish, or both."

2. CONSTRUCTION, PARAGRAPH 773, TARIFF ACT OF 1922—PASTES OF VEGE-TABLES AND MEAT OR FISH.

The provision of paragraph 773, Tariff Act of 1922, for "pastes * * * composed of vegetables, or of vegetables and meat, or fish, or both," is not limited to such as are in chief value of vegetables. The quantity or amount of vegetables in the paste is not important.

3. RELATIVE SPECIFICITY—NOT SPECIALLY PROVIDED FOR.

The provision of paragraph 706, Tariff Act of 1922, for meats in specified conditions, and that of paragraph 773, for vegetables in pastes and other forms, either alone or in combination with meat or fish or meat and fish are both modified by the clause "not specially provided for," so that their relative specificity is not affected by it.

3. PASTES OF LOBSTER AND OF MEATS IN VARIOUS COMBINATIONS WITH POTATO FLOUR.

Paste made of lobster and a small percentage of potato flour and spices, and pastes made of various combinations of ham, chicken, turkey, and tongue and a small percentage of potato flour and spices were classified by the collector under paragraph 773, Tariff Act of 1922, as "pastes, * * * composed of vegetables, or of vegetables and meat or fish, or both." The Board of United States General Appraisers sustained a protest claiming classification under paragraph 706, "Meats, fresh, prepared, or preserved." With no showing that the amount of potato flour was negligible, the judgment of the board is reversed.

United States Court of Customs Appeals, November 21, 1925

APPEAL from Board of United States General Appraisers, Abstract 49414

[Reversed.]

*William W. Hoppin,* Assistant Attorney General (*William H. Futrell,* special attorney, of counsel), for the United States.
*Curie, Lane & Wallace* (*Samuel Isenschmid* of counsel) for appellee.

---

[1] T, D. 41214.

[Oral argument Oct. 16, 1925, by Mr. Hoppin and Mr. Isenschmid]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

The character of the merchandise in this case is shown by the following stipulation:

It is stipulated and agreed between counsel that the merchandise covered by the above protests invoiced as "lobster" consisted of lobster, finely ground, in the form of paste with a small percentage of potato flour. That the merchandise invoiced as "chicken, ham, and tongue," "chicken and ham," "turkey and tongue," and "ham and tongue," consisted of the respective meats named, finely ground, in the form of paste with a small percentage of potato flour and spices for flavoring purposes.

When imported, it was packed in glass jars. It was classified under paragraph 773 of the Tariff Act of 1922. That paragraph provides for vegetables in various forms and conditions, not specially provided for, for sauces of all kinds not specially provided for, for soy beans, prepared or preserved in any manner, for bean stick and other things not specially provided for, and for—

* * * pastes, balls, puddings, hash, and all similar forms, composed of vegetables, or of vegetables and meat or fish, or both, not specially provided for. * * *

Importer claimed classification under paragraph 706 of the act, the relevant part of which provides for—

Meats, fresh, prepared, or preserved, not specially provided for. *. * *

The Board of General Appraisers sustained the protest.

The Government argues that the provision for pastes composed of vegetables and meat or fish, or both, specifically describes the merchandise here, while the importer contends that paragraph 773 is a vegetable provision; that Congress intended that it must appear, in order to render pastes classifiable thereunder, that vegetables or vegetable substances must be present in the paste in substantial form and quantity; and that the board was justified in treating the potato flour as negligible if, indeed, it could be regarded as a vegetable.

We dismiss the suggestion that there is any doubt as to whether or not potato flour is a vegetable by referring to *Stein, Hirsch & Co.* v. *United States,* 6 Ct. Cust. Appls. 154.

Importer admits that the word "meat" in its primary sense covers not only the flesh of animals used for food, but also poultry, so that from the stipulation it is clear that these pastes are composed of meats with a small percentage of potato flour and spices. It may be noted that there is no claim that the lobster paste does not take the same classification as the others named in the stipulation.

The board regarded the vegetable content of these pastes as negligible and held that, to be dutiable as assessed, they must be composed principally of vegetables.

We think that is not the proper interpretation of paragraph 773. The precise language is "pastes, composed of vegetables, or of vegetables and meat or fish, or both."

Congress does not seem to have regarded the quantity or amount of the vegetable in the paste to be of importance. If it had so intended, it were easy to have so declared. Both paragraphs contain the words "not specially provided for," so that that expression does not affect their respective specificity.

The stipulation states that the merchandise is in the form of paste with a small percentage of potato flour and spices. How small that is we do not know. It may or may not be negligible. If so small as to be disregarded, it was for the importer to show that fact. We do not feel warranted to hold, without further evidence or information upon the subject, that it is negligible.

The judgment of the Board of General Appraisers is *reversed*.