B. WESTERGAARD & Co. *v.* UNITED STATES (No. 3456)[1]

United States Court of Customs and Patent Appeals, January 25, 1932

*Brown & Carter* (*Allan R. Brown* of counsel) for appellants.
*Charles D. Lawrence,* Assistant Attorney General (*William Whynman* and *Philip Stein,* special attorneys, of counsel), for the United States.

[Oral argument December 8, 1931, by Mr. Brown and Mr. Stein]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court.

Merchandise, consisting of fish balls, fish cakes, meat balls, and meat cakes, imported in cans, was assessed for duty by the collector at the port of New York at 35 per centum ad valorem under the provision for "soups, pastes, balls, puddings, hash, and all similar forms, composed of vegetables, or of vegetables and meat or fish, or both, not specially provided for," contained in paragraph 773 of the Tariff Act of 1922.

---

[1] T. D. 45469.

The paragraph reads as follows:

PAR. 773. Vegetables, if cut, sliced, or otherwise reduced in size, or if parched or roasted, or if pickled, or packed in salt, brine, oil, or prepared or preserved in any other way and not specially provided for; sauces of all kinds, not specially provided for; soya beans, prepared or preserved in any manner; bean stick, miso, bean cake, and similar products, not specially provided for; soups, pastes, balls, puddings, hash, and all similar forms, composed of vegetables, or of vegetables and meat or fish, or both, not specially provided for, 35 per centum ad valorem.

The importer protested, claiming that the meat balls and meat cakes were dutiable at 20 per centum ad valorem as meats, prepared, not specially provided for, under paragraph 706, and that the fish balls and fish cakes were dutiable at 25 per centum ad valorem under paragraph 720 of that act. The pertinent parts of the paragraphs read as follows:

PAR. 706. Meats, fresh, prepared, or preserved, not specially provided for, 20 per centum ad valorem: * * *.

PAR. 720. Fish * * *; all fish (except shellfish), pickled, salted, smoked, kippered, or otherwise prepared or preserved (except in oil or in oil and other substances), in immediate containers weighing with their contents not more than fifteen pounds each, 25 per centum ad valorem; * * *.

It appears from the record that the fish cakes are composed of the following ingredients:

| | Kilos | | Kilos |
|---|---|---|---|
| Fish | 10, 998 | Fat | 293 |
| Milk | 7, 432 | Sugar | 23 |
| Potato flour | 1, 011 | Ginger | 18. 6 |
| Wheat flour | 203 | Pepper | 7. 9 |
| Salt | 393 | | |

The meat cakes have the same ingredients in the same proportions as the fish cakes, except that they contain 3,285 kilos of meat and no fish. The fish balls contain the same ingredients in the same proportions as the fish cakes, with the exception that they contain no fat, no sugar, and no wheat flour. The meat balls contain the same ingredients in the same proportions as the meat cakes, except that they contain no wheat flour, no fat, and no sugar.

The only testimony in the case is that of one Ronneberg, a member of the firm of Ronneberg Preserving Co., Stavanger, Norway, manufacturers of the imported merchandise. After stating the materials and the quantities of each composing the involved merchandise, he said:

8. State the purpose served by the materials other than meat and fish.—A. Salt, ginger, and pepper for the purpose of flavor. Milk for the purpose of mixing the ingredients together and giving the product a higher food value. Flour from potatoes for the purpose of holding all the ingredients together during the cooking and sterilizing process. Fat for the purpose of frying and flour from wheat and sugar for the purpose of preparing the brown sauce.

9. If you use flour made from potatoes in any of the products, state specifically the proportionate amount of such flour used and the function which it subserves.—A. The amount of flour from potatoes is as follows:

In fish cakes about 3½%.
In fish balls about 3⅓%.
In meat balls about 6%.
In meat cakes about 6%.

The function which it subserves is the same for all articles, namely that of holding the ingredients together. The amount of flour from potatoes may vary a little according to the moisture in the fish and meat used.

10. If you have used or tried to use wheat flour in these products, state the result.—A. Wheat flour has been tried and I find that it will spoil the flavor.

11. If more flour was used in the production of the meat cakes and meat balls than in the production of the fish cakes and fish balls, please state why this was done.—A. Wheat flour was used for fish cakes and meat cakes as these products require brown sauce. The flour was used in preparing this sauce.

\*       \*       \*       \*       \*       \*       \*

A. Fish: The fish is washed and cleaned, cut from the bones, ground and dumped into a mixer where it is mixed together with the other ingredients. During the mixing the necessary milk is added to make a suitable dough. The ready dough is put into an apparatus dropping the fish balls or fish cakes into boiling fish bouillon and at the same time giving them their shape. The fish balls or fish cakes are now boiled until done. The fish balls are now ready for the sterilizing process while the fish cakes first are fried in fat. The fish balls and fish cakes are now put into cans together with fish bouillon or brown sauce, the lid put on and the cans sealed. Then the sealed cans are boiled and the goods are ready to be labeled, boxed, and exported as fit for human consumption.

Brown sauce: Wheat flour is browned and mixed with a little fat. A little burnt sugar, wheat flour, and the necessary fish or meat bouillon is added, the whole mixture boiled until everything is fully dissolved, and the sauce is ready.

Meat: Meat balls and meat cakes are prepared the same way as fish balls and fish cakes, with the exception that meat and meat bouillon is used instead of fish and fish bouillon.

On this record the court below held that potato flour was a vegetable within the purview of paragraph 773, *supra;* that it was present in a substantial, and not a negligible, quantity; and that, as the involved merchandise consisted of vegetables and fish, or of vegetables and meat, in the form of balls and cakes, it was provided for in paragraph 773 at 35 per centum ad valorem, and, accordingly, overruled the protest.

It is contended by counsel for appellants that, as potato flour is *eo nomine* provided for in paragraph 769, it has been given a particular tariff status and, therefore, can not be considered a vegetable within the purview of paragraph 773. It is further argued that flours made from vegetables have for a long period of time uniformly been held to be dutiable as nonenumerated manufactured articles rather than as vegetables, prepared; that potato flour is present in the involved merchandise in merely negligible quantities; that it is not present as a food ingredient but merely for the mechanical purpose of holding the ingredients together in the form of balls and cakes; that paragraph 773

is a vegetable paragraph and was intended by the Congress to cover only such articles as contain a substantial amount of vegetables; that if potato flour should be held to be a vegetable, within the meaning of the provisions of paragraph 773, it is not present in the involved merchandise in substantial quantities; and that, therefore, the merchandise is not dutiable under paragraph 773. It is further contended by counsel for appellants that the merchandise at bar contains a substantial amount of ingredients other than vegetables and meat or fish, or both and, therefore, is excluded from paragraph 773 under the decision in the case of *Meyer & Lange* v. *United States*, 18 C. C. P. A. (Customs) 79, T. D. 44043.

It is contended by counsel for the Government, on the other hand, that potato flour is a vegetable within the purview of paragraph 773; that it is present in the involved articles in substantial quantities; that the merchandise is dutiable under paragraph 773, directly or by similitude; and that, therefore, the judgment below should be affirmed.

In the case of *Stein, Hirsch & Co. et al.* v. *United States*, 6 Ct. Cust. Appls. 154, T. D. 35397, this court, on the authority of *Vitelli & Son* v. *United States*, 4 Ct. Cust. Appls. 75, T. D. 33313, held that potato flour was "potatoes, prepared," and that it was provided for in paragraph 581 of the Tariff Act of 1913 as potatoes, dried, desiccated, or otherwise prepared. As an additional reason for its holding the court called attention to the fact that paragraph 265 of the Tariff Act of 1909 provided for potatoes at 25 cents per bushel and that paragraph 252 of that act provided for "vegetables, prepared in any way"; that there was no specific provision in that act for "potatoes, dried, desiccated, or otherwise prepared"; and that, although potato flour had been classified as a nonenumerated manufactured article under the act of 1909, it was the manifest purpose of the Congress to include it within the provision for "potatoes, dried, desiccated, or otherwise prepared," contained in paragraph 581, *supra*.

In the case of *United States* v. *Richardson*, 13 Ct. Cust. Appls. 280, T. D. 41214, this court, on the authority of the decision in the *Stein, Hirsch & Co.* case, *supra*, held that potato flour was a vegetable.

In the case of *United States* v. *Kawahara*, 15 Ct. Cust. Appls. 231, T. D. 42242, this court stated that, as paragraph 769 of the Tariff Act of 1922 provided for "potatoes, * * * dried, dehydrated, or desiccated," and for "potato flour," instead of for potatoes "dried, desiccated, or otherwise prepared," as provided in paragraph 581 of the Tariff Act of 1913, the decision of this court in the case of *Stein, Hirsch & Co.*, *supra*, so far as potato flour was concerned, was rendered ineffective.

The decision in the *Kawahara* case can not properly be construed as holding that, because potato flour was *eo nomine* provided for in paragraph 769 of the Tariff Act of 1922, it was not a vegetable within

the meaning of the provision for "soups, pastes, etc.," contained in paragraph 773 of that act. We may add that, if potato flour is excluded from that provision because it is *eo nomine* provided for in paragraph 769, white or Irish potatoes and dried, dehydrated, or desiccated potatoes, provided for in paragraph 769, and turnips, onions and other vegetables, *eo nomine* provided for in other paragraphs of the act, are not vegetables within the purview of the provisions under consideration.

Furthermore, the Congress must have understood that pastes, balls, and other articles similar in form to those enumerated in the provisions under consideration were made by the use of vegetables in the form of flour. Obviously, if it should be held that vegetables in the form of flour are to be excluded from those provisions, their operation would be unduly limited. We are of opinion, therefore, that potato flour is a vegetable within the purview of the provisions of paragraph 773 under consideration.

In the case of *United States* v. *Richardson, supra,* this court held that pastes, some composed of finely ground lobster with a small percentage of potato flour, and others composed of chicken, ham, tongue, chicken and ham, turkey and tongue, and ham and tongue, finely ground, containing a small percentage of potato flour and spices for flavoring purposes, were dutiable under paragraph 773, and, among other things, said:

> The stipulation states that the merchandise is in the form of paste with a small percentage of potato flour and spices. How small that is we do not know. It may or may not be negligible. If so small as to be disregarded, it was for the importer to show that fact. We do not feel warranted to hold, without further evidence or information upon the subject, that it is negligible.

It has been established in the case at bar by uncontradicted evidence that the function of the potato flour, contained in the involved merchandise, was that of holding the ingredients together during the cooking and sterilizing process and that it was used for that purpose; that wheat flour was not used because it spoiled the flavor of the merchandise; and that the fish cakes contained only 3½ per centum, the fish balls 3⅓ per centum, and the meat balls and meat cakes 6 per centum, of potato flour.

Paragraph 773 is essentially a vegetable paragraph, and we think the Congress clearly intended that the articles covered thereby should consist of at least a substantial quantity of vegetables. We are confirmed in this view by the statements contained in the Summary of Tariff Information, 1921, wherein it is said that paragraph 773 contains "a new provision for vegetables, with or without meat or fish, in the form of soups, etc.," and that the paragraph provides for "fancy food preparations of vegetables or of vegetables mixed with meat or fish."

304

In view of the small percentage of potato flour present and its function we are of opinion that its quantity is insufficient to give the involved cakes and balls the character of vegetables with fish or of vegetables with meat within the purview of paragraph 773.

It is argued, however, by counsel for the Government that, if the merchandise is not dutiable under paragraph 773 directly, it is dutiable thereunder by similitude by virtue of the provisions of paragraph 1460, the material portion of which reads as follows:

PAR. 1460. That each and every imported article, not enumerated in this act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this act as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; * * *.

It will be observed that the similitude provisions of paragraph 1460 apply only to imported articles, "not enumerated in this act." We think it is clear from the evidence in the case that the meat cakes and meat balls are provided for in paragraph 706 as meats, prepared, not specially provided for, and that the fish cakes and fish balls are provided for as fish, prepared, under paragraph 720. Accordingly, the similitude provisions of paragraph 1460 are not applicable to the involved merchandise.

Holding these views, it is unnecessary for us to consider the applicability of our decision in the case of *Meyer & Lange* v. *United States, supra,* to other issues presented by counsel for appellants.

For the reasons stated, the judgment is *reversed,* and the cause *remanded.*