(C. D. 1123)

FRANCES B. WILCON v. UNITED STATES

United States Customs Court, Third Division

(Decided July 29, 1948)

*Henry L. Ziegel* for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster* and *Arthur R. Martoccia,* special attorneys), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

CLINE, Judge: This is a protest arising at the port of Boston against the collector's assessment of duty on fish cakes imported from Canada at the rate of 35 per centum ad valorem under paragraph 775 of the Tariff Act of 1930, as a mixture of fish and vegetables. It is claimed that the merchandise is properly dutiable at 2½ cents per pound, but not less than 12½ nor more than 25 per centum ad valorem under paragraph 720 (b) of said tariff act, as modified by the trade agreement with Canada, T. D. 49752.

The pertinent provisions of the tariff act are as follows:

PAR. 775. * * * soups, soup rolls, soup tablets or cubes, and other soup preparations, pastes, balls, puddings, hash, and all similar forms, composed of vegetables, or of vegetables and meat or fish, or both, not specially provided for, 35 per centum ad valorem; * * *.

PAR. 720 (b) [as modified by the trade agreement with Canada, T. D. 49752]. Cod, haddock, hake, pollock, and cusk, prepared or preserved, not specially provided for, in immediate containers weighing with their contents not more than 15 pounds each, 2½¢ per lb., but not less than 12½ nor more than 25% ad val.

The collector's report on protest contains the following statement describing the merchandise:

Mixture of fish and vegetables.
40 Fathom Brand Quick Frozen.
Label reads: Made of potatoes, salt codfish, citric acid and spice.

At the trial Martin J. Finnegan, examiner at the port of Boston, testified that the merchandise consisted of cakes in frozen condition, each weighing 12 ounces and packed in a cardboard container; that he had sent a sample to the U. S. Customs Laboratory to determine the vegetable content; that the report showed the same to be 9.4 per centum. The report, received in evidence as plaintiff's exhibit 1, contains the following statement:

The sample contains 9.4% starch, derived from potato.

Mr. Finnegan also testified that since the vegetable content was in excess of 8 per centum, he advisorily classified the merchandise under paragraph 775 as a mixture of fish and vegetables; that that was in

accordance with a Customs Information Exchange report which he had received from New York.

John C. Wheeler, assistant sales manager and office manager of the sales department of General Seafoods Corp., stated that the merchandise herein was imported from General Seafoods Ltd., Halifax, a company affiliated with the company here; that it consisted of frozen codfish cakes, 40 Fathom Brand; that the merchandise was packed in 12-ounce cartons; that this was not the usual form for packaging and selling fish cakes, but was used because it was unable to secure tin due to war conditions.

Plaintiff also called John D. Kaylor, assistant manufacturing manager of General Seafoods Corp. He was asked about the ingredients used in the manufacture of fish cakes, but since he had not examined the imported merchandise, his testimony was excluded.

The issue involved is whether codfish cakes with a 9.4 per centum potato content are dutiable as cod, prepared or preserved, or·as mixtures of vegetables and fish. A similar issue was before the Court of Customs and Patent Appeals in *B. Westergaard & Co.* v. *United States*, 19 C. C. P. A. 299, T. D. 45469, in connection with fish cakes and balls, and meat cakes and balls, containing, respectively, 3½, 3⅓, 6, and 6 per centum potato flour. It was established by uncontradicted evidence that the potato flour was included for the purpose of holding the ingredients together during the cooking and sterilizing process. In the course of its opinion the court said (pp. 303–4):

> Paragraph 773 is essentially a vegetable paragraph, and we think the Congress clearly intended that the articles covered thereby should consist of at least a substantial quantity of vegetables. We are confirmed in this view by the statements contained in the Summary of Tariff Information, 1921, wherein it is said that paragraph 773 contains "a new provision for vegetables, with or without meat or fish, in the form of soups, etc.," and that the paragraph provides for "fancy food preparations of vegetables or of vegetables mixed with meat or fish."
>
> In view of the small percentage of potato flour present and its function we are of opinion that its quantity is insufficient to give the involved cakes and balls the character of vegetables with fish or of vegetables with meat within the purview of paragraph 773.

It was held that the meat cakes and meat balls were dutiable as meats, prepared, and the fish cakes and fish balls as fish, prepared.

The potato content of the within merchandise is larger (9.4 per centum) and there is no evidence as to its purpose. In *Corporacion Argentina de Productores de Carnes* v. *United States*, 32 C. C. P. A. 175, C. A. D. 304, it was held that 5.8 per centum of cereal in a mixed dog food was a substantial amount, since it served a definite purpose in the mixture to hold the meat in the dog's stomach for a longer period of digestion. In the course of the opinion, the court commented upon the *Westergaard* case, *supra*, as follows (pp. 180–181):

*   *   *   The question presented there was whether or not the merchandise containing potato flour in percentages ranging from 3⅓ per centum to 6 per centum had sufficient vegetable content to warrant classification under the controverted provision.   Tersely stated, this court there held that the potato flour, although a vegetable, was not present in sufficient quantities to warrant classification of the merchandise under the vegetable paragraph, *principally because said flour was not used for any other purpose in the cakes and balls than the mechanical purpose of holding the material together during the cooking and sterilizing processes,* and that it did not add a vegetable character to the merchandise.

*       *       *       *       *       *       *

*   *   *   In the paragraph in controversy in the *Westergaard* case, there was no hint that the involved provision should require a predominance of any of the component elements; and this court there laid down the rule, in substance, that although the paragraph was essentially a vegetable paragraph as a whole, it was only necessary that the fish and meat forms should contain a substantial proportion of vegetables.   *The function of the potato flour in the mixture in that case was a controlling factor.*   [Italics supplied.]

Plaintiff contends that paragraph 775 was intended to cover only fancy food preparations and that since codfish cakes are not in that class, they should not be held dutiable under that paragraph.   The Summary of Tariff Information, 1929, contains the following statement in regard to the mixtures of vegetables and meat or fish now included in paragraph 775 (p. 1457):

*Description and uses.*—This covers soups, a small amount of puddings, fish balls, and antipastes, and a number of specialty products not provided for elsewhere.   The products are mainly of the luxury class; some are special dishes for Asiatics.   For additional information on fish cake material, fish balls and fish pudding see discussion under paragraph 720; for fish paste and fish sauce see paragraph 721.

In the discussion under paragraph 720 (Tariff Act of 1922), it is stated that the products covered by the provision for fish prepared or preserved include fish balls and fish pudding.   The following description of imported fish balls and fish pudding is given on page 1161:

The imported "fish balls" and "fish pudding" consist of a cooked mixture of haddock, milk, potato flour, nutmeg, and salt, in a bouillon prepared from fish bones, packed in hermetically sealed, sterilized tins.   In the preparation of the foreign fish balls the mixture is cut into pieces about 1½ inches in diameter and in fish pudding it is molded into a slab.

It is clear, therefore, that Congress contemplated that some fish balls would be dutiable under paragraph 775 and some under paragraph 720.   Under which paragraph a particular product falls must depend upon its characteristics, as shown by the evidence.   The rule has been evolved that such merchandise is not dutiable under paragraph 775 unless the vegetable content is substantial.   Whether or not a given amount is substantial depends upon the purpose for which it is used.

Since there is no evidence in the instant case as to the purpose served by the ingredients of this merchandise, we hold that a vegetable

content of 9.4 per centum is substantial. "It may or may not be negligible. If so small as to be disregarded, it was for the importer to show that fact." *United States* v. *Richardson*, 13 Ct. Cust. Appls. 280, 282, T. D. 41214.

On the record herein, we hold that the merchandise was properly assessed with duty under paragraph 775 of the Tariff Act of 1930, as a mixture of vegetables and fish, at 35 per centum ad valorem. The protest is overruled and judgment will be rendered for the defendant.