BEFORE THE THIRD DIVISION, MARCH 17, 1949

No. 52941.—Frances B. Wilcon *v.* United States, protest 120729–K (Boston).

CLINE, Judge: This is a rehearing of a protest against the assessment of duty on fish cakes at the rate of 35 per centum ad valorem under paragraph 775 of the

Tariff Act of 1930, as a mixture of fish and vegetables. It is claimed that the merchandise is properly dutiable at 2½ cents per pound, but not less than 12½ per centum nor more than 25 per centum ad valorem, under paragraph 720 (b) of said act, as modified by the trade agreement with Canada, T. D. 49752.

The merchandise consisted of frozen codfish cakes with a 9.4 per centum potato content. In our original decision in this case we held that mixtures of vegetables and fish are not dutiable under paragraph 775 unless the vegetable content is substantial; that whether or not a given amount is considered substantial depends upon whether it is used merely to hold the material together during the cooking process or whether it has a definite purpose of its own in the mixture, citing B. Westergaard & Co. v. United States, 19 C. C. P. A. 299, T. D. 45469, and Corporacion Argentina de Productores de Carnes v. United States, 32 C. C. P. A. 175, C. A. D. 304. Since there was no evidence in the record as presented as to the purpose served by the ingredients of this merchandise, it was held that the vegetable content was substantial. Frances B. Wilcon v. United States, 21 Cust. Ct. 38, C. D. 1123.

A motion for rehearing was thereafter made and granted, and when the case was again called for trial, counsel for the parties stated:

MR. ZIEGEL: This case was decided in C. D. 1123, and upon plaintiff's motion for rehearing it was put back on the docket.

I now offer to stipulate that the purpose and function of the potato starch as found present in the frozen codfish cakes herein is to bind and keep the particles of fish together in cake or patty form, both during original processing and final preparation and cooking for consumption as food.

MR. FITZGIBBON: The Government agrees to that stipulation.

In B. Westergaard & Co. v. United States, supra, potato flour in meat and fish cakes in quantities ranging from 3⅓ per centum to 6 per centum was held not present in sufficient quantities to warrant classification of the merchandise under the vegetable paragraph, since the flour was used for the purpose of holding the material together during the cooking and sterilizing processes.

In view of the above stipulation and the decision in B. Westergaard & Co. v. United States, supra, we hold that the potato content of the within merchandise is not sufficient to warrant its classification under paragraph 775 of the Tariff Act of 1930 and that the merchandise is properly dutiable under paragraph 720 (b) of said act, as modified by the trade agreement with Canada, T. D. 49752, at 2½ cents per pound, but not less than 12½ per centum nor more than 25 per centum ad valorem. The protest is sustained and judgment will be rendered accordingly.